UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL MICHAEL LUSK and SARAH JANE LUSK<br><br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION<br><br>Defendant. | Civil Action No.   17-cv-232 |

## COMPLAINT AND JURY DEMAND

Now comes Plaintiffs, PAUL MICHAEL LUSK and SARAH JANE LUSK, by and through their attorneys, and for their Complaint against the Defendant, CREDIT ACCEPTANCE CORPORATION, Plaintiffs allege and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367. This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Paul Michael Lusk and Sarah Anne Lusk, herein referred to as "Plaintiffs," are individuals who at all relevant times were residing in Albion, New York.

5. Plaintiffs are "persons" as defined in 47 U.S.C. § 153(39).

6. On information and belief, Defendant is a corporation, licensed to do business in the State of New York and has its principal place of business in Southfield, Michigan

7. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## FACTS COMMON TO ALL COUNTS

8. On or around October 2016, Defendant began placing automated telephone calls to Plaintiffs' cellular telephone, in an attempt to collect the aforementioned alleged debt. Defendant used two different phone numbers, (586) 461-4324 and (517) 861-2084, to contact Plaintiffs' cellular phone.

9. Specifically, on or about November 2, 2016, Plaintiffs spoke with a representative of Defendant's company and advised that they were represented by a law firm with respect to the alleged debt, and provided their attorneys' contact information. Plaintiffs further requested that all communication to their cellular phone cease and revoked consent for Defendant to continue placing additional telephone calls to their cellular phone.

10. Despite having received notice of Plaintiffs' attorneys' representation, and despite having received Plaintiffs' request that it cease placing telephone calls to her cellular telephone, Defendant continued to place automated telephone calls to Plaintiffs' cellular telephone in further attempts to collect the alleged debt.

11. Specifically, Defendant placed phone calls to Plaintiffs' cellular telephone on the following dates (this is not meant as an exhaustive list):

    a. November 25, 2016 (x2)

    b. November 29, 2016;

    c. November 30, 2016;

        d.     December 5, 2016;

        e.     December 6, 2016;

        f.     December 12, 2016; and

        g.     December 15, 2016

12. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiffs and violated the TCPA and caused Plaintiffs to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

13. Plaintiffs incorporates all of the allegations and statements made above as if reiterated herein.

14. "On December 20, 1991, Congress enacted the Telephone Consumer Protection Act (TCPA), as codified in section 227 of the Communications Act of 1934, as amended, in an effort to address a growing number of telephone marketing calls and certain telemarketing practices Congress found to be an invasion of consumer privacy." FCC 07-232 Declaratory Ruling, p.1 (Dkt. # 33-10) (December 28, 2007).

15. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

16. On information and belief, Defendant placed the telephone calls described above to Plaintiffs using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

17. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

18. The TCPA specifically prohibits the use of an automated telephone dialing system to contact consumers on their cellular phones without the prior express consent of the called party (47 U.S.C. § 227(b)(1)(A)).

19. Alternatively, the FCC has further clarified that prior consent to contact consumers using an automatic telephone dialing system, may be revoked "using any reasonable method including orally or in writing." *See, In re the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15-72 (CG Dkt. No. 02-278, WC Dkt. No 07-135) (July 10, 2015).

20. Plaintiffs did not give Defendant their express consent, invitation or permission to contact them using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiffs may have given Defendant to contact them in this manner was terminated and revoked.

21. Defendant's telephone calls to Plaintiffs using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

22. Defendant's telephone calls to Plaintiffs utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiffs' express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

*23.* The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

24. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

25. WHEREFORE, Plaintiffs prays for the following relief:

   a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

   b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

   c. Judgment against Defendants for Plaintiffs' reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

   d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

26. Plaintiffs incorporates all of the allegations and statements made in paragraphs 1 through 11 and 13 through 22 above as if reiterated herein.

*27.* The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

28. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiffs are entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

29. WHEREFORE, Plaintiffs prays for the following relief:

a. Judgment against Defendant for Plaintiffs' actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiffs' reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

30. Plaintiffs demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

ALLEN CHERN
*Attorneys for Plaintiffs*

Dated: March 15, 2017      By:   /s/ Jason N. Racki \_\_\_\_
JASON N. RACKI
Attorney for Plaintiff
Bar Role No. 4878476
Allen Chern
140A Metro Park
Rochester, NY 14623
Phone: (888) 894-9969
Fax: (866) 359-7478
rackiesq@outlook.com